

# Missouri Court of Appeals
## Southern District
### Division Two

CHRISTOPHER MICHAEL SHELBY, )
)
               Appellant, )
)
   vs. )  No. SD36125
)
STATE OF MISSOURI, )  FILED: March 24, 2020
)
            Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

#### Honorable David C. Jones, Judge

### **AFFIRMED**

Christopher Shelby appeals a denial of post-conviction relief. We affirm because his ineffective assistance of counsel ("IAC") claim is not recognized and he would not prevail in any event.

## Background

Shelby and others choked a man with a belt, cut his face, stole his wallet and car, then left him for dead on a country road. When police found the victim's car, Shelby was nearby with the car keys and the victim's debit card in his pocket.

Shelby soon volunteered to talk to police because he "wasn't going down for this alone." He admitted his involvement to a detective who interviewed him at jail that night and again the next morning. Shelby was charged and counsel was appointed.

Shelby moved to suppress the police interviews, believing his jail-booking video would show he was not of right mind when he was brought to jail. Counsel[1] obtained and viewed that video, which showed no inappropriate behavior by Shelby. Counsel then discussed the video with Shelby and advised against using the video because it would not help Shelby. Shelby agreed.

Thereafter, in the following order:

- The state made a plea offer.

- The court denied Shelby's motion to suppress.

- The state set a deadline for accepting its plea offer.

- Shelby conferred with counsel, then rejected the plea offer, which the state would not later renew.

- Shelby himself saw the booking video.

- Shelby was convicted and sentenced less favorably than the plea offer. We affirmed on direct appeal.

Shelby sought Rule 29.15 relief, ultimately asserting four claims, all of which were denied after an evidentiary hearing.[2]

## Point on Appeal/Analysis

On appeal, Shelby renews only his claim of IAC because his lawyers did not show him the booking video before the state's plea-offer deadline

> in that [Shelby] erroneously believed that the booking video
> would help him get his confession suppressed, and he did not
> want to plead without seeing first-hand that it would not. Had
> his trial attorneys shown him the booking video before the offer
> had expired, there is a reasonable probability [Shelby] would
> have accepted the State's plea offer.

We will grant relief only if the motion court clearly erred. ***Hounihan v. State***, 592 S.W.3d 343, 347 (Mo. banc 2019); Rule 29.15(k).

"The Supreme Court has addressed two specific and narrow instances of attorney error in the context of plea bargaining: (1) *failing to communicate* an

---

[1] Shelby first was represented by a public defender, then by privately-retained counsel, then again through trial and sentencing by his original public defender. Shelby lumped both lawyers into a single IAC complaint below and on appeal.

[2] The record shows that the pro se and amended motions were timely.

existing offer to the defendant; and (2) *providing bad advice* about an existing offer." **Arnold v. State**, 509 S.W.3d 108, 114 (Mo.App. 2016). Shelby's claim fits neither category. If anything, Shelby implicitly concedes that counsel correctly evaluated the booking video and that he (Shelby) did not.

Further, the motion court cited both counsels' testimony that they reviewed the booking video, concluded it would not help Shelby, and told him so. The motion court expressly credited their testimony in finding Shelby had not shown IAC. Despite Shelby's contrary arguments, we defer to those credibility determinations and the motion court's right to believe counsel's testimony. *See* **Durst v. State**, 584 S.W.3d 817, 819 (Mo.App. 2019).

The motion court did not clearly err. Point denied. Judgment affirmed.


DANIEL E. SCOTT, P.J. – OPINION AUTHOR
DON E. BURRELL, J. – CONCURS
MARY W. SHEFFIELD, J. – CONCURS